UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. MOTORS, PRAHA MOTORS, L.L.C.,
BRATISLAVA MOTORS, L.L.C., U.S.
MOTORS (SK), and JOSEPH LEVIN,

    Plaintiffs,                                      No. 07-12901

vs.                                                  Hon. Gerald E. Rosen

GENERAL MOTORS EUROPE,

    Defendant.
_____/

## OPINION AND ORDER OF DISMISSAL

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     October 24, 2007

        PRESENT:   Honorable Gerald E. Rosen
                            United States District Judge

Plaintiffs commenced this case in this Court on July 11, 2007, citing diversity of citizenship as the basis for the Court's subject matter jurisdiction. On August 13, 2007, the Court directed Plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction, where their complaint did not provide sufficient information from which the Court could ascertain the citizenship of the Plaintiff unincorporated association (U.S. Motors) and limited liability companies (Praha Motors and Bratislava Motors). Although Plaintiffs have provided this information regarding their citizenship in an August 23, 2007 response to the Court's order, this response has

revealed — and the underlying complaint confirms — a more fundamental obstacle to the Court's exercise of diversity jurisdiction. Accordingly, for the reasons stated briefly below, the Court finds that this case must be dismissed for lack of subject matter jurisdiction.

According to their complaint and their response to the show cause order, Plaintiffs collectively are citizens of three states — Florida, Iowa, and Michigan — and three foreign countries — the Czech Republic, Slovakia, and the Netherlands.[1] The sole Defendant, according to Plaintiffs' complaint, is a Swiss corporation. At first glance, then, the parties appear to have diverse citizenship — *i.e.,* no Plaintiff shares the same state or foreign citizenship as the Swiss Defendant. This, however, does not suffice to confer diversity jurisdiction, as confirmed both by the language of the governing statute, 28 U.S.C. § 1332, and by the pertinent case law.

The Court's analysis necessarily begins with the language of the diversity statute, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
>
> > (1) citizens of different States;

---

[1] As explained in the Court's August 13, 2007 order, the citizenship of an unincorporated association or a limited liability company is determined by the citizenship of its constituent members. In their response to the August 13 order, Plaintiffs state that the constituent members of the unincorporated association and limited liability companies in this case are citizens of the states of Florida, Iowa, and Michigan, and the foreign nations of Slovakia, the Czech Republic, and the Netherlands. In addition, the complaint names a Michigan resident and a Slovak company as Plaintiffs.

> (2)  citizens of a State and citizens or subjects of a foreign state; [or]
>
> (3)  citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . .

28 U.S.C. § 1332(a). Subparagraphs (1) and (3) of this provision plainly do not apply here because this suit is not between "citizens of different States," with or without citizens of foreign countries as additional plaintiffs or defendants. Rather, the sole Defendant is an overseas company, and not a citizen of any U.S. state.

This leaves only subparagraph (2) upon which to rest this Court's subject matter jurisdiction — *i.e.,* this case must be properly viewed as between "citizens of a State and citizens or subjects of a foreign state." Yet, it is not. Instead, this suit is between a *mix* of domestic and foreign plaintiffs and a foreign defendant. To fit this case within subparagraph (2), then, one would have to construe the statutory language as encompassing suits between citizens of one or more States, ***with or without citizens of foreign states as additional parties,*** and citizens or subjects of a foreign state.

The presence of subparagraph (3) in the statute, however, makes this reading of subparagraph (2) implausible. Subparagraph (3), after all, essentially provides that the jurisdiction conferred under subparagraph (1) — *i.e.,* jurisdiction over suits between "citizens of different States" — is not defeated by the presence of foreign citizens as additional parties. The statute's explicit clarification of this point as to one particular class of cases — namely, suits between citizens of different States — presumably means that jurisdiction *is* defeated in *other* classes of cases by the addition of foreign parties. In

3

particular, subject matter jurisdiction does not exist over cases that otherwise fit within subparagraph (2) — suits between "citizens of a State and citizens or subjects of a foreign state" — but where one or more foreign citizens are named as co-plaintiffs or co-defendants along with the "citizens of a State." This is precisely the situation here — citizens of the States of Florida, Iowa, and Michigan are joined by citizens of the Czech Republic, Slovakia, and the Netherlands in claims against a Swiss corporation.

So far as this Court's research has revealed, the case law uniformly holds that subject matter jurisdiction is lacking under these circumstances. As Judge Posner observed, albeit in dicta, § 1332(a)(2), "when read in light of (a)(3), does not permit a suit between foreigners and a mixture of citizens and foreigners." Allendale Mutual Insurance Co. v. Bull Data Systems, Inc., 10 F.3d 425, 428 (7th Cir. 1993); see also Dresser Industries, Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494, 499 (3d Cir. 1997) (opining that "section 1332(a)(2) only grants jurisdiction in cases between aliens and citizens," so that "[c]ases between aliens on one side and aliens and citizens on the other . . . do not fit the jurisdictional pigeonhole"). The Ninth Circuit reached the same conclusion through a different analytical route, citing the general principle that "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants," and reasoning that this result is unchanged by the addition of U.S. citizens on one side but not the other. Faysound Ltd. v. United Coconut Chemicals, Inc., 878 F.2d 290, 294 (9th Cir. 1989); see also Extra Equipamentos e Exportacao Ltda. v. Case Corp., 361 F.3d 359, 361 (7th Cir. 2004). Along similar lines, the courts have pointed to the venerable rule of

4

complete diversity, holding that suits between foreign plaintiffs and defendants (even from different countries) do not satisfy this requirement, and then concluding that the joinder of a domestic plaintiff or defendant cannot create diversity where it otherwise is lacking.  See, e.g., Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994); Eze v. Yellow Cab Co., 782 F.2d 1064, 1065 (D.C. Cir. 1986); Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980); Ed & Fred, Inc. v. Puritan Marine Insurance Underwriters Corp., 506 F.2d 757, 758 (5th Cir. 1975); Expeditors International of Washington, Inc. v. Expeditors (Japan), Ltd., 224 F.R.D. 661, 664 (W.D. Wash. 2004).

The Court sees no basis in this case to deviate from this uniform weight of authority.  This suit does not fit within § 1332(a)(2) as brought between "citizens of a State and citizens or subjects of a foreign state."  Nor do the complaint's allegations suggest any other ground upon which to rest the Court's subject matter jurisdiction.  It follows that the case must be dismissed.[2]

For these reasons,

---

[2] Because the Court lacks subject matter jurisdiction, it does not (and presumably cannot) address Defendant's motion to dismiss, in which Defendant argues that this suit is subject to dismissal under the so-called "two dismissal" rule set forth in Fed. R. Civ. P. 41(a).

NOW, THEREFORE, IT IS HEREBY ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

                                                      s/Gerald E. Rosen  
                                                      Gerald E. Rosen  
                                                      United States District Judge

Dated: October 24, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2007, by electronic and/or ordinary mail.

                                                       s/LaShawn R. Saulsberry  
                                                     Case Manager